# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        *Plaintiff*,

v.                                         **Civ. No.** 03-1273 BB / LFG

$10,000.00 IN U.S. CURRENCY,

        *Defendant*,

JULIAN MARTINEZ,

        *Claimant*.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The United States submits the following Proposed Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.      On June 8, 2003, Drug Enforcement Administration (DEA) Special Agent (SA) Jarrell W. Perry responded to the Albuquerque International Airport in Albuquerque, New Mexico concerning two males carrying a large amount of United States Currency.  The males were later identified as Julian Martinez and Andrew Martinez,

2.      A TSA employee found a bundle of money in Julian Martinez's front pants pocket

and a bundle of money in Andrew's Martinez's front pocket during a standard search of their person at a TSA airport security checkpoint.

3.      Julian and Andrew Martinez had intended to board a Frontier Airlines Flight from

Albuquerque to El Paso, TX.

4.      SA Perry displayed his DEA badge and credentials to Julian Martinez and informed him that he was not under arrest but being detained pending investigation of the large amount of money that he carried on his person.

5.      Julian Martinez had $5,000.00 on his person.  Julian had given his cousin, Andrew Martinez, a second bundle of $5,000.00 to carry on the flight to El Paso.

6.      The bundles of money possessed by Julian Martinez and Andrew Martinez were wrapped in $1,000.00 increments, with numerous rubber-bands holding the money in place.

7.      Julian Martinez told agents that his boss had loaned him the money to have a stereo system put into his vehicle in El Paso.

8.      Andrew Martinez told agents that Julian Martinez owed someone money in El Paso, Texas for an old debt for a little bit of marijuana.

9.      On June 9, 2003, at the DEA Albuquerque District Office, Task Force Officer (TFO) Art Lucero deployed his narcotics canine, "Red" on the two bundles of money.  "Red" is a trained and certified drug detection canine.  "Red" alerted positively to the two bundles of money for the odor of illegal controlled substances.

## CONCLUSIONS OF LAW

1.      This forfeiture action is governed by 21 U.S.C. § 881(a)(6), which provides in pertinent part that the following is subject to forfeiture to the United States:

All moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical

in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter [the Controlled Substances Act].

2.      This case is also governed by 18 U.S.C. § 983, enacted as part of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA).

3.      The United States' burden of proof in this case is to establish by a preponderance of the evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1); United States v. Lot Number 1 at Lavaland Annex, 256 F.3d 949, 956 (10th Cir. 2001). The Court examines the aggregate of the facts to determine whether the United States has met its burden.  See United States v. $149,442.43, 965 F.2d 868, 875-876 (10th Cir. 1992).  The United States is not required to link property derived from a criminal offense to a specific transaction. Id.

4.      The claimant bears the burden of proving that the claimant is an innocent owner of the property by the preponderance of the evidence. 18 U.S.C. § 983(d)(1).  To meet this burden, claimant must prove that he is an owner and (i) did not know the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.  18 U.S.C. § 983(d)(2)(A).

5.      The United States has established by a preponderance of the evidence that the currency was intended to be used for illegal drug activities by Julian Martinez because: 1) Andrew Martinez admitted that Julian intended to use the currency to pay off a marijuana debt; 2) a trained and certified drug detection canine alerted positively to the two bundles of money for the odor of illegal controlled substances; 3) the money was bundled in $1,000 increments, which

is consistent with drug trafficking, and 4) the large amount of currency is consistent with drug trafficking.  A large amount of currency itself carries substantial probative value.  <u>United States v. $149,442.43</u>, 965 F.2d 868, 876 (10th Cir. 1992).

6.    Julian Martinez has failed to establish an innocent owner defense to forfeiture by preponderance of the evidence.

7.    Julian Martinez' testimony as to the source and purpose of the currency he possessed is not credible.

8.    Based upon the above findings and conclusions of law, the defendant $10,000 in U.S. currency will be forfeited to the United States and all right, title, and interest in the property vested in the United States.  An appropriate Judgment and Order of Forfeiture will be entered.

Respectfully Submitted,

DAVID C.  IGLESIAS
United States Attorney


(Electronic signature)
Stephen R. Kotz
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

4

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that a true
copy of the foregoing document
was mailed to opposing counsel

Timothy M. Padilla, Esq,
1412 Lomas Blvd NW
Albuquerque, NM 87104

on <u>8th</u> day of November, 2004.

<u>(Electronic signature)</u>
Stephen R. Kotz
Assistant U.S. Attorney

N:\LLux\FOFConclLawForf\$10,000FOFCofL.wpd